UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BENJAMIN T. WORTH and<br>DONALD R. POOL | No. 13 CR 348<br><br>Judge Sharon Johnson Coleman |

## **PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. All of the materials provided, or made available for inspection, by the United States or Puritan Finance Corporation ("Puritan"), in preparation for, or in connection with, this case following the entry of this order, including but not limited to a copy of the shared hard drive contained on Puritan's terminal server, the user profile and email files of certain employees of Puritan (the "Electronically Stored Information"), and the materials reviewed during the in-person inspection by counsel for defendants at the offices of Puritan, and in each case the information contained therein, which shall be limited to Puritan's paper files that are directly or indirectly related to Florida Trim, Inc., Florida Trim Services, Inc. or the defendants (the "Fla. Trim Paper Files")(all of which collectively, are the "Materials"), are subject to this Protective Order and may be used only as limited by this Protective Order.

2. The United States may use such Materials solely in connection with the prosecution of this case, and for no other purpose, and in connection with no

other proceeding without further order of this Court, and defendants and defendants' counsel may use such Materials solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

3. The Materials may contain particularly sensitive information, including but not limited to confidential business information, personal identifying information and personal financial information belonging to one or more persons or entities, including but not limited to third parties. These Materials shall be plainly marked as Attorney's Eyes Only by the government prior to disclosure, which markings will be applied with equal force to the Electronically Stored Information.

4. No such Materials may be disclosed to any persons other than (a) the United States, limited to: the Assistant United States Attorneys, support staff of the United States Attorney's Office, and Special Agents with the Federal Bureau of Investigation, and (b) counsel for defendants or persons employed by counsel for defendants to assist the defense, (collectively the "Authorized Persons"), without prior notice to Puritan and authorization from the Court.

5. The Authorized Persons are granted authority to cause any of the Materials to be viewed, examined, or used in any other way only as authorized by this Order, except that with respect to Electronically Stored Information, authority is granted only for the limited purpose of conducting a search using only the search terms listed in the attached Exhibit A (the "Search Terms"). For any documents or other materials and the information contained therein identified using the search

terms (collectively the "Search Documents"), the Authorized Persons and the defendants are granted authority to view, examine, and use the Search Documents only as authorized by this Order.

6. Except as provided herein and subject to the terms of this Protective Order, the Authorized Persons, the defendants, or any other person or entity, shall not directly or indirectly, review, examine, disclose or use in any other way any Materials. The United States, defendants, and defendants' counsel shall not disclose the Materials directly or indirectly to any person or entity other than Authorized Persons and may disclose Fla. Trim Paper Files and Searched Documents to persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure. Potential witnesses and their counsel may be shown copies of the Fla. Trim Paper Files and Searched Documents as necessary to prepare the prosecution and defense, respectively, but may not retain copies without prior permission of the Court.

7. Absent prior permission from the Court, information marked as Attorney's Eyes Only shall not be included in any public filing with the Court, and instead shall be submitted under seal (except in the case of a defendant who chooses to include in a public document sensitive information relating solely and directly to the defendant making the filing).

8. The Authorized Persons and defendants shall not copy or reproduce the Materials except to provide copies of the Materials (subject to the terms of this Order) for use in connection with this case by the Authorized Persons or defendants.

Such copies and reproductions shall be treated in the same manner as the original Materials.

9. The Authorized Persons and defendants shall not disclose any notes or records of any kind that they make in relation to the contents of the Materials, other than to Authorized Persons or defendants, and all such notes or records are to be treated in the same manner as the original Materials.

10. Before providing the Materials to an Authorized Person, the Authorized Person must be provided with a copy of this Protective Order, who must execute an acknowledgment that said Authorized Person understands and agrees to be bound by the Protective Order.

11. Upon conclusion of all stages of this case, all of the Materials and all copies made thereof that have not been filed in the public record shall be returned by the United States or defendants' counsel to Puritan. The Court may require a certification confirming that all copies of the Materials have been retrieved by the Authorized Persons and that the Materials and copies have been returned to Puritan or an individual or entity designated by Puritan.

12. To the extent any document or other material is produced by mistake after the entry of this Protective Order, either by the United States to defendants or defendants' counsel, or by Puritan to the United States, to defendants or defendants' counsel, then the United States and Puritan shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a written request, defendants and/or defendants' counsel, or the

United States, as the case may be, shall return any such mistakenly produced document or other material if in hard copy, and in the case of Electronically Stored Information, shall certify in writing that all copies of such Electronically Stored Information have been permanently deleted from any location in which any of the Electronically Stored Information was stored.

13. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit the United States or defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses sensitive information as described in Paragraph 3, above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

14. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
SHARON JOHNSON COLEMAN
United States District Court Judge
*Northern District of Illinois*

Date: August 1, 2014

# EXHIBIT A

*United States v. Worth and Pool,* 13 CR 348
<u>Protective Order Search Terms</u>

| | |
|---|---|
| Donald R. Poole | Donn Ozkilkis |
|     D. Poole |     D. Ozkilkis |
|     Don Poole |     Ozkilkis |
|     Poole | TOUSA, Inc. |
| Benjamin T. Worth |     TOUSA |
|     Ben Worth | Marc Marin |
|     B. Worth (but not "worth" or "Worth" alone) |     Marin |
| Amy Worth | Lee Haskin |
| Florida Trim, Inc., |     Haskin |
|     Florida Trim | |
|     Fla. Trim | |
| Florida Trim Services, Inc. | |
| Bibby Financial Services | |
|     Bibby | |
| Cocoa Beach | |
| Polk County | |
|     Polk Cty | |
| Crossroads Financial | |
|     Crossroads | |
| Resorts Construction | |
|     Resorts Con. | |
| Avatar | |
| Engle Homes | |
|     Engle | |
| Morrison Homes | |
|     Morrison | |
| Toll Brothers | |
|     Toll | |
| Pulte Homes | |
|     Pulte | |
| Edward Meixsell | |
|     E. Meixsell | |
|     Ed Meixsell | |
|     Meixsell | |
| Frank Wolff | |
|     Wolff | |
| Fifth Third Bank (but only as related to Florida Trim) | |
|     Fifth Third | |
| Sherie King | |
|     Sherie | |